# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

BENJAMIN MATHEWS,

    Plaintiff,

v.                                         Case No. 3:21-cv-1071-TJC-MCR

RJ REYNOLDS TOBACCO
COMPANY et al.,

    Defendants.

## **O R D E R**

This tobacco case was first filed in state court by Plaintiff Benjamin Mathews, a smoker, alleging several state causes of action including design defects, negligence, and fraud, against Defendants, various tobacco companies. (Doc. 4). Specifically, Mathews alleges that Defendants, by aggressively advertising "light" and "ulta-light" cigarettes, fraudulently led smokers to believe that these cigarettes were safer than traditional cigarettes. Id. ¶¶ 67–71. Defendant RJ Reynolds Tobacco Company removed the case based on diversity jurisdiction. (Doc. 1). The case is now before the Court on Mathews' Motion to Remand.[1] (Doc. 12). Reynolds responded in opposition (Doc. 25) and Mathews replied (Doc. 29).

---

[1] Defendants also filed Motions to Dismiss (Docs. 9, 19, 21), but the Court relieved Mathews of his obligation to respond to the Motions to Dismiss until

Reynolds bears the burden to establish diversity jurisdiction and to show that the statutory requirements of removal are met. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007) ("[T]he party seeking a federal venue must establish the venue's jurisdictional requirements.") (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). Under 28 U.S.C. § 1332(a), parties must have complete diversity and the amount in controversy must exceed $75,000. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410–12 (11th Cir. 1999). However, under the forum defendant rule in 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

As alleged in the Notice of Removal, Mathews is a resident of Missouri,[2] Reynolds is a citizen of North Carolina, and Defendants Liggett Group LLC and Vector Group LTD, Inc. are citizens of Florida and Delaware. (Doc. 1 ¶¶ 7–8). Reynolds argues that the case can be removed under 28 U.S.C. § 1441, despite Liggett and Vector being Florida citizens, because Liggett and Vector were

---

the Court resolved the Motion to Remand. (Doc. 14).

[2] Reynolds fails to establish Mathews' citizenship because it only alleges Mathews' residency. (See Doc. 1 ¶ 7). Residency is not the same as citizenship because citizenship requires both residency and an intent to stay. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

fraudulently joined. Id. ¶¶ 13–24. Mathews argues that Reynolds has not met its burden to show fraudulent joinder.[3] (Doc. 12 at 3–6).

The law imposes a heavy burden on defendants to show fraudulent joinder. See Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011). The fraudulent joinder doctrine is an exception to the forum defendant rule. Sullivan v. Bottling Grp. LLC, No. 8:13-CV-515-T-33MAP, 2013 WL 3209464, at *3 (M.D. Fla. June 24, 2013) (citing Stillwell, 663 F.3d at 1332). "To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Stillwell, 663 F.3d at 1332 (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)) (alterations in original). Reynolds focuses on the first option and does not argue that Mathews has fraudulently pled jurisdictional facts.

Mathews brings only one claim against Liggett and Vector: conspiracy to fraudulently conceal. (Doc. 4 ¶¶ 127–140). Reynolds argues that there is no possibility Mathews could establish a conspiracy to fraudulently conceal claim

---

[3] Mathews also argues that Reynolds has not provided enough evidence to show that the amount in controversy exceeds $75,000. (Doc. 12 at 6–9). Because of the Court's holding and reasoning, it need not reach this issue.

against Liggett and Vector because Florida's statute of repose bars Mathews' claim. (Doc. 1 at 6–11). Florida's statute of repose bars fraud claims that are not brought within twelve years of the commission of the alleged fraud. FLA. STAT. § 95.031(2)(a); see Hess v. Philip Morris USA, Inc., 175 So. 3d 687, 696 (Fla. 2015) (applying statute of repose to fraudulent concealment claim). Thus, for Mathews' claim to survive he must show that that Liggett and Vector engaged in fraudulent concealment conduct after October 1, 2009 (twelve years before he filed suit). See Hess, 175 So. 3d at 698–99; (Doc. 4). However, at this stage, the Court is only tasked with determining whether there is a possibility that Mathews' claims against Liggett and Vector are not barred, such that there is a possibility that Mathews has stated a valid cause of action. See Stillwell, 663 F.3d at 1332.

Reynolds argues that Liggett's[4] disclaimers (issued in 1997) preclude the possibility of liability for fraudulent concealment based on two recent Florida District Court of Appeal cases, Philip Morris USA Inc. v. Principe, 337 So. 3d 821 (Fla. 3d DCA 2021), reh'g denied (Mar. 4, 2022), review denied, No. SC22-

---

[4] Vector is alleged to be the parent and alter-ego of Liggett. (Doc. 4 ¶¶ 10, 12–15). Reynolds briefly argues (and offers an affidavit in support) that Vector never sold cigarettes and is not the alter-ego of Liggett. (Docs. 1 ¶ 20; 1-5). Based on the allegations and the record, it is possible that Mathews could show that Vector and Liggett are alter-egos, so any conduct by Liggett can be imputed to Vector for the purposes of this fraudulent joinder discussion. Further, even if there was no possibility that Mathews could show that Liggett and Vector were alter-egos, Liggett's Florida citizenship alone invokes the forum defendant rule.

4

435, 2022 WL 2717727 (Fla. July 13, 2022) and Philip Morris USA Inc. v. Gentile, 281 So. 3d 493 (Fla. 4th DCA 2019). (Docs. 1 at 9–10; 25 at 6–10). However, these cases are insufficient to meet Reynolds's high burden to show that there is no possibility that Mathews could bring a claim against Liggett and Vector.

Both Principe and Gentile generally stand for the proposition that fraud claims in tobacco cases are not cognizable once the alleged misrepresentations (i.e., the risks of various cigarettes) have been adequately disclaimed. Principe, 337 So. 3d at 831; Gentile, 281 So. 3d at 497. Both cases considered disclaimers made by Phillip Morris ("PM") which included statements such as: "There is no such thing as a safe cigarette" and "You should not assume that cigarette brands using descriptors like 'Ultra Light', 'Light', 'Medium' or 'Mild' are less harmful than 'full flavor' cigarette brands or that smoking such cigarette b[r]ands will help you quit smoking. If you are concerned about the health effects of smoking, you should quit." Gentile, 281 So. 3d at 495; see also Principe, 337 So. 3d at 824. These disclaimers were made on PM's website and were included in onserts with every pack of cigarettes. Gentile, 281 So. 3d at 495. In Gentile, the plaintiffs alleged that PM misrepresented the risks associated with light and low-tar cigarettes, but the court held that PM's disclaimers "adequately explained 'there is no such thing as a safe cigarette' and . . . the onserts explicitly stated that the descriptors light and ultra-light referred to

5

strength of taste and that light and ultra-light cigarettes were not less harmful than regular cigarettes." Id. at 497. Principe extended the holding in Gentile to a case where the plaintiffs' alleged that PM misrepresented the nature of filtered cigarettes. Principe, 337 So. 3d at 824. The Principe court similarly held that PM's disclaimers were unequivocal that "those with any health concerns should quit smoking because there are no safe cigarettes." Id. at 830–31.

These cases are not dispositive of this case for several reasons. First, Principe and Gentile were at a fundamentally different stage of the litigation than this case. Both of those cases were at the directed verdict stage. See Principe, 337 So. 3d at 831; Gentile, 281 So. 3d at 497. The trial courts considered a plethora of evidence to decide the plaintiffs' claims on the merits. See Principe, 337 So. 3d at 827–30; Gentile, 281 So. 3d at 496–97. The Court does not have the same benefit of evidence and is not making the same merits decision here. The Court's role is only to determine whether there is a possibility that Mathews' claim is not barred, not that Mathews' claim is or is not barred on the merits. See Stillwell, 663 F.3d at 1332. Second, the disclaimers in Principe and Gentile were different than the disclaimers here. Liggett's disclaimers are arguably not as unequivocal as PM's disclaimers. Liggett's statements[5] do not mention light or ultra-light cigarettes and they do not

---

[5] Liggett's disclaimer included a public statement by its Director:
   I am, and have been for a number of years, a Director

6

include the clear statement that "there is no such thing as a safe cigarette." See Gentile, 281 So. 3d at 495. There is a possibility that Mathews could show that Liggett's disclaimers did not adequately disclaim Mathews' claim, and that Liggett misrepresented the nature of light and ultra-light cigarettes after October 1, 2009 (Doc. 4 ¶¶ 67); thus, there is a possibility that Mathews' conspiracy to fraudulently conceal claims against Liggett and Vector are not barred by the statute of repose. Reynolds has not met its high fraudulent joinder burden.

Because Reynolds has not met its burden to show fraudulent joinder, remand is appropriate because removal was barred by the forum defendant

---

> of Liggett Group Inc., a manufacturer of cigarettes. Cigarettes were identified as a cause of lung cancer and many other diseases as early as 1950. I, personally, am not a scientist. But, like all of you, I am aware of the many reports concerning the ill-effects of cigarette smoking. We at Liggett know and acknowledge that, as the Surgeon General and respected medical researchers have found, cigarette smoking causes health problems, including lung cancer, heart and vascular disease and emphysema. We at Liggett also know and acknowledge that, as the Surgeon General, the Food and Drug Administration and respected medical research have found, nicotine is addictive.

(Doc. 25 at 8). Liggett also included a warning on all of its cigarette packs that "SMOKING IS ADDICTIVE." Id. Reynolds also offers some of its own disclosures in the Notice of Removal (which are more similar to PM's disclosures), but Reynolds' statements are not at issue here. (See Doc. 1 ¶¶ 17–18).

7

rule. See 28 U.S.C. § 1441(b)(2). The Court's holding does not mean that Mathews' claim may not eventually be found to be barred by the statute of repose. Defendants will inevitably raise a statute of repose defense again during this litigation. But the state court then, at the proper time and on a proper record, will determine whether that defense is ultimately meritorious.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 12) is **GRANTED**.

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. Plaintiff's Request for Oral Argument (Doc. 30) is **DENIED as moot**.

4. After remand has been effected, the Clerk shall terminate the pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 10th day of August, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Clerk, Fourth Judicial Circuit, Duval County